## HALBERT v. TOYAH VALLEY BANK.
### (No. 416.)

(Court of Civil Appeals of Texas. El Paso. March 18, 1915. Rehearing Denied April 15, 1915.)

APPEAL AND ERROR ☞1135 — AFFIRMANCE — FAILURE TO SHOW ERROR.

Where the appellant files no brief and there is no error apparent on the face of the record and the judgment is one which the court could legally render, the judgment will be affirmed without consideration of the assignments of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4454, 4455; Dec. Dig. ☞1135.]

Appeal from Reeves County Court; H. N. McKellar, Judge.

Action by Toyah Valley Bank, a copartnership, against W. C. Halbert. Judgment for the plaintiffs, and defendant appeals. Affirmed.

W. C. Halbert, in pro. per., of Saragosa, Harry MacTier, of Pecos, for appellee.

WALTHALL, J. In this case, the plaintiffs R. P. Head, R. H. King, W. B. Vanderen, E. P. Stuckler, J. F. Meier, and J. H. Wolverton, representing themselves as copartners in trade and doing business under the firm name and style of Toyah Valley Bank, brought this suit in the county court of Reeves county, against the appellant, W. C. Halbert, on a past-due promissory note in the sum of $642.45, and admitting two payments thereon aggregating $325, and alleging that appellant, to secure said note, had executed and delivered to them a chattel mort-

gage on certain personal property described. Plaintiffs prayed judgment for the amount due, interest and attorney's fees provided for in the note, and foreclosure of the chattel mortgage lien, and general and special relief. Appellant answered by general and special exception, and general denial, and filed and presented to the court a motion for a continuance. The court overruled the motion to continue, made no order on the exceptions, and entered judgment for plaintiffs against defendant for the balance due on the note, interest, attorney's fees and costs, and ordered a foreclosure of the chattel mortgage lien.

No briefs have been filed, and therefore the assignments of error as they appear in the record cannot be considered. There is no error of law apparent upon the record. The judgment is one that could legally have been rendered in the lower court, and the case is affirmed.