## Vincente TOVAR v. STATE.
### No. 15124.

Court of Criminal Appeals of Texas.
Feb. 24, 1932.

Byron Johnson, of Houston, for appellant.

O'Brien Stevens, Crim. Dist. Atty., of Houston, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for robbery; punishment, five years in the penitentiary.

The record is here without statement of facts or bills of exception. All matters of procedure appearing regular, the judgment will be affirmed.

## R. V. WALLACE v. STATE.
### No. 15115.

Court of Criminal Appeals of Texas.
Feb. 24, 1932.

W. J. Holt and Carlton Smith, both of Waco, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is possession of equipment for manufacturing intoxicating liquors; the punishment, confinement in the penitentiary for one year.

The record is before us without a statement of facts. One bill of exception is brought forward. We are unable to appraise this bill in the absence of statement of facts.

No question being presented for review, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## John W. EASTERWOOD et ux., Appellants, v. H. L. RASH, Appellee.
### No. 10955.

Court of Civil Appeals of Texas. Dallas.
March 5, 1932.

H. A. Justice, of Athens, and T. N. Jones, of Tyler, for appellants.

Wynne & Wynne and Bishop & Holland, all of Athens, for appellee.

LOONEY, J.

This is an action of trespass to try title by John W. Easterwood and wife, Frances Easterwood, against H. L. Rash, to recover the title and possession of 100 acres of land situated in Henderson county. Defendant's answer contained a plea of not guilty and allegations to the effect that the trustee's deed, under which plaintiffs asserted title, was void because it resulted from a sale of the land under a trust deed, to pay an interest installment note given on a usurious contract. On trial before the court without a jury, the special defense pleaded was sustained, and judgment resulted that plaintiffs take nothing, and that the trustee's deed under which they claimed title be removed as a cloud from the title of defendants. Plaintiffs excepted and perfected appeal to this court, but neither party briefed the case, nor was a motion made to dismiss the appeal, but, on submission, an attorney representing appellee was present in court and asked that the case be affirmed on the record.

We have examined the record for fundamental error, that being the only question we are called upon to consider, and, finding that the judgment could have been legally rendered and no error of law appearing, the case is affirmed on the following authorities: Halbert v. Toyah Valley Bank (Tex. Civ. App.) 175 S. W. 508; Burkhalter v. Webb (Tex. Civ. App.) 209 S. W. 216; Spark v. Lasater (Tex. Civ. App.) 234 S. W. 1108.

Affirmed.